UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEMOND JACKSON, | | 1:11-CV-01794 LJO GSA HC |
| | Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | | |
| HECTOR RIOS, | | |
| | Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition for writ of habeas corpus on October 27, 2011. Petitioner contends that he is "actually innocent" of his February 15, 2000, conviction and sentence he sustained in the United States District Court for the Southern District of West Virginia, because the trial judge determined the amount of drugs rather than the jury. Petitioner argues that the quantity of drugs under 21 U.S.C. § 841(b)(1)(A) is an element of the offense, not a sentencing factor, and therefore must be submitted to the jury. He further claims that one of his two convictions under 924(c) for the use, possession and carry of a firearm must be vacated because Petitioner is being punished twice for the same offense.

<u>JURISDICTION</u>

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence

1  under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v.
2  Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997);
3  Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, *only the sentencing*
4  *court has jurisdiction*.  Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal
5  conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. §
6  2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see
7  also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).
8       In contrast, a federal prisoner challenging the manner, location, or conditions of that
9  sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.
10  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d
11  175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991);
12  United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476,
13  478-79 (3rd Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987);
14  Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).
15       In this case, Petitioner is challenging the validity and constitutionality of his conviction
16  and  sentence rather than an error in the administration of his sentence.  Therefore, the
17  appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition
18  pursuant to § 2241.  In rare situations, a federal prisoner authorized to seek relief under § 2255
19  may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate
20  or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th
21  Cir.1997) (quoting § 2255).  Although there is little guidance from any court on when § 2255 is
22  an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow
23  exception. Id; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is
24  insufficient to render § 2255 inadequate.);  Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a
25  petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate);
26  Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th
27  Cir.1956).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.
28  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

On January 9, 2001, Petitioner filed a § 2255 motion challenging his conviction and sentence in the United States District Court for the Southern District of West Virginia. See Jackson v. United States, Case No. 3:01-cv-00031 (S.D. W. Va.).[1] A review of the § 2255 motion filed in that case reveals that Petitioner has indeed raised the same challenges he does here, in the context of ineffective assistance of counsel. Therefore, it is clear Petitioner has had at least one unobstructed opportunity to present his claims.

Furthermore, Petitioner has failed to demonstrate that his claims qualify under the savings clause of section 2255 because his claims are not proper claims of "actual innocence."  In Bousley v. United States, 523 U.S. 614 (1998), the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. at 623 (internal quotation marks omitted). Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954. Petitioner fails to do so in his claims.

Based on the foregoing, the Court finds that Petitioner has not demonstrated Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Accordingly, Section 2241 is not the proper avenue for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be DISMISSED; and

2. The Clerk of Court be directed to enter judgment, terminating this action.

These Findings and Recommendations are submitted to the assigned United States

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case. See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 74`, 744 n.1 (9th Cir. 1984) (citing examples of judicially noticed public records).

District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

**Dated:   November 15, 2011**           **/s/ Gary S. Austin**
                                                                               UNITED STATES MAGISTRATE JUDGE